UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONI NELSON | ) |
| | ) Case Number |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL COMPLAINT |
| | ) |
| CENTRAL PORTFOLIO CONTROL | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant | ) |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Toni Nelson, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.     Plaintiff, Toni Nelson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant conducts business in this District and maintains a registered office in the District.

### III. PARTIES

4. Plaintiff, Toni Nelson, is an adult natural person residing at 1829 Bear Springs Way, Sevierville, TN 37862. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Central Portfolio Control ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the state of New Jersey and the state of Tennessee with a primary address located at 16526 W. 78th Street #107, Eden Prairie, MN 55346-4302 and a registered office located at 1820 Bear Tavern Road, Trenton, NJ 08062.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff has retained the services of the law firm of Consumer Law Associates to help aid her in the settlement of her unsecured debt.

8. On or about August 26, 2010, Plaintiff received a call from Defendant's agent, "Joe Wolf", who stated that they were collecting on an alleged debt owed on an HSBC account for an amount in excess of $4,000.00.

9. Plaintiff was told that if she did not respond that they would be calling her in work the next day to try and collect.

10. On or about August 27, 2010, Plaintiff received a call from Defendant's agent, "Joe Wolf", who informed the Plaintiff that if she did not settle the account that papers to garnish her wages would be faxed to her place of employment.

11. On that call, Plaintiff asked the agent if he was an attorney.

12. Defendant's agent, "Joe Wolf", responded that he was not an attorney, but that there was a group of attorneys' right next door that he would contact.

13. On or about August 31, 2010, Defendant's agent, "Joe Wolf", paged the Plaintiff six (6) times on a pager that she uses for work.

14. Defendant's agent, "Joe Wolf", entered 911 after each call request.

15. On or about September 2, 2010, Plaintiff asked Defendant's agent, "Joe Wolf", to please call her attorney at Consume Law Associates, and work out a settlement with them on this account.

16. Defendant's agent, "Joe Wolf", told the Plaintiff that he would not call and work with them and that she needed to work with him directly or she would be sued.

17. Plaintiff informed Defendant's agent, "Joe Wolf", that she could settle the account for $2,810.00.

18. Defendant's agent, "Joe Wolf", would not accept this amount.

19. On or about that same day, Consumer Law Associates called Defendant directly to try and negotiate a settlement on behalf of the Plaintiff.

20. Defendant's agent, "Joe Wolf", refused to work with Consumer Law Associates, unless they were willing to settle the account for no less than $3,040.00.

21. On or about September 3, 2010, Plaintiff spoke with Defendant's agent, "Joe Wolf", again and was told that she had two (2) hours to agree to the settlement amount of $3,040.00, or he would be filing a lawsuit against her that day.

22. Fearful that she would be sued; Plaintiff paid the settlement amount of $3,040.00 in one lump sum that day.

23. On or about September 8, 2010, Plaintiff's payment to Defendant cleared her personal bank account.

24. On or about September 11, 2010, Plaintiff called Defendant's agent, "Joe Wolf", to see if and when she would be receiving a letter confirming the debt had been paid in full.

25. To date, Plaintiff has not received a call back regarding the confirmation nor has she received anything in the mail from the Defendant.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

§§ 1692f:	Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Central Portfolio Control for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: September 29, 2010**

BY: /s/ *Bruce K. Warren*
Bruce K. Warren, Esquire

BY: /s/ *Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff